## MARSH v. QUICK-MEAL STOVE CO.

*(Circuit Court, E. D. Missouri. April 25, 1892.)*

1. PATENTS FOR INVENTIONS—ACTIONS AT LAW—JURY TRIALS.
   The question of the construction of the claims of a patent is the province of the court, and does not rest with the jury.

2. SAME—CONSTRUCTION OF CLAIMS.
   Where a claim of a patent reads, "In a gasoline stove," etc., and then enumerates a number of other elements, the words, "In a gasoline stove," will be understood as including the well-known essential elements of such stoves; and, to enable the plaintiff to recover, the other elements of the claim, or their substantial equivalents, must be all found in the defendant's stove.

3. SAME.
   Where the claim of a patent contains, as an element, a commingling chamber capable of accomplishing two purposes, which are fully set forth in the patent, (such chamber being in addition to the commingling chambers common to all gasoline stoves,) and the defendant's stoves have only the ordinary commingling chambers. *held*, that the combination of the claim is not present in defendant's stove.

4. SAME—LICENSEE—COVENANT.
   A licensee who covenants not to dispute the validity of a patent, under which he is licensed, will not be permitted to do so, but the burden is nevertheless on the licensor to show that the licensee has operated under his license, and, in the absence of such proof, the licensor cannot recover.

*(Syllabus by the Court.)*

At Law. Letters patent of the United States were issued to James A. Marsh, February 22, 1887, No. 358,284. On the 10th day of March, 1887, the Quick-Meal Stove Company took a license under the patent, agreeing to pay a stipulated royalty on all stoves made by the company under the Marsh patent. An action at law, under the license, was brought by Marsh to recover royalties upon certain stoves made by the Quick-Meal Company, which Marsh maintained came under his patent, while the Quick-Meal Company contended they did not. The claim of the patent involved reads as follows:

"1. In a gasoline stove, a retort, a commingling chamber, and a duct connecting said retort and said chamber, in combination with a side burner and a communicating pipe between the said chamber and the side burner, whereby ignited gas may be carried from one to the other, as and for the purpose set forth."

The defendant's stove contained only the ordinary commingling chambers, with a tube between the burners which communicated with one of the commingling chambers, and which served as an automatic lighting device between the burners. At the close of plaintiff's evidence, defendant asked the court to direct the jury to find for the defendant, on the ground that the plaintiff had not made out a *prima facie* case.

*Fisse & Allen* and *Edward J. O'Brien*, for plaintiff.

*Geo. H. Lothrop, Geo. H. Knight,* and *Lubke & Muench*, for defendant.

THAYER, District Judge, *(charging jury.)* I have given this case such an examination as I have been able to in the short time that has elapsed since the plaintiff closed his case, and I have come to the following conclusion: It is the province of the court to construe the claims of the

patent that has been offered in evidence. That construction, of course, is to be made in the light of such expert testimony as has been offered. In the Marsh patent the commingling chamber, D, is both described and claimed as a distinct and independent part (having special functions) of the combination covered by the first claim of the Marsh patent. The commingling chamber is provided with a separate needle valve marked on the drawing, C, to operate it, and both the commingling chamber and the accompanying needle valve seem to be necessary to enable the automatic lighting tube, F, to perform one of the functions that the inventor had in view; that is to say, the function of heating the side burner, K, for initial lighting purposes. Now, it may be true, and I think it is true, that the commingling chamber in the Marsh patent, with its valve, C, is a useless device; but the fact remains that it has been described with great detail, and is clearly claimed as an integral part of the Marsh combination or invention. His patent must accordingly be limited to a combination containing that part; that is to say, to a combination containing a commingling chamber in addition to the ordinary commingling chamber or chambers attached to the burners. In the Quick-Meal stove this separate and independent commingling chamber is wanting. It is obvious that the relighting tube in both modes of construction acts upon the same principle, and subserves the same purpose. In the Quick-Meal stove the tube is continuous from one light to the other, while in the Marsh stove it is broken, and passes the flame through the commingling chamber, and out through the small orifice that is marked b' on the drawing. But this concession does not alter the fact that Marsh has described and claimed a part not found in the Quick-Meal mode of construction. Having so described and claimed it, it becomes one of the necessary elements of his combination, though it is practically useless. The licensee, the defendant in this case, is not here alleging that the Marsh patent is void; that he could not do under his license. He simply says: "I have not used the patented device covered by my license;" and there is no evidence, in the opinion of the court, to show that he has used it. The result is that you, gentlemen of the jury, will be directed to return a verdict in favor of defendant. Plaintiff thereupon took a nonsuit with leave.